81 F.3d 1147
 317 U.S.App.D.C. 191
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
PACIFIC BELL, et al., Petitioners,
v.
FEDERAL COMMUNICATIONS COMMISSION and United States of
America, Respondents,
MFS Communications Company, Inc., et al., Intervenors.
 Nos. 94-1547, 94-1548 and 94-1612.
 United States Court of Appeals, District of Columbia Circuit.
 March 22, 1996.
 
 Before: SENTELLE, RANDOLPH, and ROGERS, Circuit Judges.
 
 JUDGMENT
 
 1
 Having considered the record and the briefs and arguments of counsel, the court is satisfied that a published opinion is not required to dispose of these petitions for review of an order of the Federal Communications Commission. See D.C.Cir.R. 36(b). Petitioners argued that the Commission lacked statutory authority to order local exchange carriers to provide "virtual collocation." The new Telecommunications Act of 1996, Pub.L. No. 104-104, 110 Stat. 56, signed into law on February 8, 1996, after oral argument in this case, imposes a statutory duty on local exchange carriers to provide physical or virtual collocation. 47 U.S.C. § 251(c)(6). The Act requires the Commission to issue implementing regulations within six months. 47 U.S.C. § 251(d)(1). Once the Commission issues those regulations any questions about the future effect of the order under review will be moot.
 
 
 2
 The order under review required local exchange carriers to file tariffs for virtual collocation services. Some of those tariffs are currently under investigation by the Commission. If the Commission finds that those tariffs violated the order, the validity of the order could become an issue in some future litigation. However, that issue is not yet ripe for review. Therefore, we express no view about the validity of the order prior to the enactment of the Telecommunications Act of 1996.
 
 
 3
 Petitioners acknowledge that the change in the law "so significantly alters the issues in this case that a decision by this Court could amount to an advisory opinion concerning statutory provisions that no longer govern." Petitioners' Memorandum Regarding Mootness at 5. Counsel for the Commission points out that another provision of the new law--47 U.S.C. § 251(g)--might be interpreted to ratify the Commission's existing order during the period between the enactment of the Telecommunications Act of 1996 and the promulgation of new rules pursuant to 47 U.S.C. § 251(c)(6). Counsel adds, however, that "the Commission has not yet had an opportunity to speak definitively to the subject." Supplemental Brief of Federal Communications Commission at 8 n. 4. Whether, and to what extent, petitioners would be adversely affected by the existing rule during this interim period is uncertain. Therefore, it is
 
 
 4
 ORDERED and ADJUDGED that the case be remanded to the Commission for reconsideration of its decision in Expanded Interconnection with Local Telephone Company Facilities, Memorandum Opinion and Order, 9 F.C.C.R. 5154 (1994), in light of 47 U.S.C. §§ 251(c)(6) & (g), as applied after the date of enactment of the Telecommunications Act of 1996. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.CIR.R. 41.